UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK ENGLERT, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:11CV1560 RWS |
| ALIBABA.COM HONG KONG LTD., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on defendant Alibaba Group Holding Limited's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiffs oppose the motion and the issues have been fully briefed.[1] For the reasons set out below, the motion to dismiss will be granted.

Plaintiffs purchased products found on a website, alibaba.com, that were allegedly counterfeit and seized by United States customs officials before being delivered. These products are unidentified by plaintiffs and were sold by unidentified third-party suppliers. Defendant Alibaba.Com Hong Kong Limited (hereinafter Alibaba Hong Kong) is a Hong Kong corporation with its principal place of business in Wanchai, Hong Kong. Alibaba Hong Kong is a subsidiary of Alibaba Group Holding Limited, a Cayman Islands corporation. Alibaba Hong Kong maintains websites in the United States and elsewhere that allow a variety of third party sellers to

---

[1] Plaintiffs were granted leave to amend their complaint to correct the numerous pleading deficiencies pointed out in defendant Alibaba Hong Kong's motion to dismiss. I also gave plaintiffs the opportunity to notify the Court if the amended complaint would contain any new allegations relevant to the jurisdictional issues at issue in this motion. Plaintiffs did not so notify the Court, and their time for doing so has expired. Therefore, the motion will be ruled upon as submitted.

display products for sale to consumers in one central internet location. Plaintiffs claim that Alibaba Hong Kong has 2,067 third party suppliers who identify themselves as being located in Missouri.

Alibaba Group Holding Limited (hereinafter Alibaba Holding) is a Cayman Islands Corporation with its principal place of business in Hong Kong. Alibaba Holding is a holding company that owns a number of internet business, including Alibaba Hong Kong. Alibaba Holding owns the domain name "alibaba.com" and owns the marks "Alibaba" and "Aliexpress." Alibaba Holding is the majority shareholder of Alibaba Hong Kong. Additionally, Alibaba Hong Kong and Alibaba Holding share the same chairman of their separate boards of directors. Alibaba Holding maintains no presence of any kind in Missouri.

## Legal Standard

In ruling on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. KV Pharmaceutical Co. v. J. Uriach & CIA, S.A, 648 F.3d 588, 591–92 (8th Cir. 2011); Viasystems, Inc. v. EBM–Pabst St Georgen GMBH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011); Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008); Dever v. Hentzen Coatings, 380 F.3d 1070, 1072 (8th Cir. 2004); Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003); Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992); Enterprise Rent–A–Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1154 (E.D. Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make

a prima facie showing of personal jurisdiction over the challenging defendant. KV Pharmaceutical, 648 F.3d at 591 ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists ..."); Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) ("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state."); Dever, 380 F.3d at 1072–73 (plaintiff must produce some evidence; conclusory allegations are insufficient to sustain the prima facie showing); Epps, 327 F.3d at 647; Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000). A plaintiff's prima facie showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." KV Pharmaceutical, 648 F.3d at 592 (internal quotation marks and citation omitted); Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (when considering whether personal jurisdiction exists under Missouri long arm statute, court may inquire by affidavits or otherwise into facts as they exist). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. Viasystems, 646 F.3d at 592; Epps, 327 F.3d at 647.

## Discussion

For a federal court to exercise personal jurisdiction over a non-resident defendant, two prerequisites must be satisfied. Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); see KV Pharmaceutical, 648 F.3d at 592. First, the forum state's long arm statute must be satisfied. Viasystems, 646 F.3d at 593; Johnson, 614 F.3d at 794. Second, the Court must determine

whether the defendant has sufficient contacts with the forum state to satisfy the Due Process clause of the Fourteenth Amendment.  Johnson, 614 F.3d at 794; Miller, 528 F.3d at 1090; Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001); Clune, 244 F.3d at 541; Redwing, 146 F.3d at 543l; Burlington Indus., 97 F.3d at 1102.  The due process and long arm statute inquiries should be analyzed separately.  Viasystems, 646 F.3d at 593 n. 2.

    The reach of Missouri's long arm statute is a question of Missouri law.  See Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir. 1982).  Missouri's long arm statute provides for personal jurisdiction over any person or firm who, inter alia, either in person or through an agent transacts business, makes a contract, or commits a tort within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3).  Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri."  Furminator, Inc. v. Wahba, 2011 WL 3847390 at *2 (E.D. Mo. Aug. 29, 2011) (quoting Bryant v. Smith Interior Design Group, Inc., 310 S.W.3d 227, 232 (Mo. 2010)).

    The second prerequisite—minimum contacts—is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."  J. McIntyre Mach., Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011).  Due process requires that a plaintiff show that a non-resident have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice."  Id.; World–Wide Volkswagen v. Woodson, 444 U.S. 286, 291–92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109–112 (1987); Guinness Import

Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 614 (8th Cir. 1998).  A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World–Wide Volkswagen, 444 U.S. at 297; Stanton, 340 F.3d at 694; Epps, 327 F.3d at 648.  Sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Nicastro, 131 S.Ct. at 2787 (internal quotation marks and citation omitted); see Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." Stanton, 340 F.3d at 693–94 (internal quotation marks and citation omitted).  "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." Stanton, 340 F.3d at 694 (internal quotation marks and citation omitted).  That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state.  In other words, the cause of action must arise out of or relate to a defendant's activities within a state." Romak USA, 384 F.3d at 984 (internal citations omitted).

The Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak USA, 384 F.3d at 984.  The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties.  Id.  The first

three factors are of "primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction.  Id.

With respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction.  Viasystems, 646 F.3d at 589.  "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"  Id. at 593 (internal quotation marks and citation omitted).  General personal jurisdiction may be exercised if a defendant has maintained systematic and continuous presence in a forum state such that it has purposefully availed itself of the privileges of a particular state's laws to the point where exercising jurisdiction does not offend traditional notions of fair play or substantial justice.  Nicastro, 131 S.Ct. at 2787.  Unlike specific personal jurisdiction, general personal jurisdiction does not require a direct relationship between the defendant's contacts with the forum and the plaintiff's cause of action.  See Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

Plaintiffs argue that Alibaba Holding is subject to the jurisdiction of this Court because it owns the domain name www.alibaba.com, certain trade names and marks in connection with its subsidiary Alibaba Hong Kong, and it is the majority shareholder of Alibaba Hong Kong.  There is no dispute that Alibaba Holding does not manufacture, display, or sell any products, and it does not operate the alibaba.com website or exercise any direct control over Alibaba Hong Kong.  Few Missouri courts have addressed the issue of whether the Missouri long arm statute reaches a parent company due to the alleged tortious conduct of a subsidiary.  In Weicht v. Suburban Newspapers of Greater St. Louis, Inc., 32 S.W.3d 592 (Mo. Ct. App. 2000), the Missouri Court

of Appeals decided whether a parent corporation was subject to personal jurisdiction in Missouri for actions of a subsidiary which occurred in Missouri. The Missouri Court of Appeals held the parent company did not have sufficient minimum contacts to support jurisdiction because the parent did not commit the allegedly tortious acts in Missouri, and the plaintiff had not shown the subsidiary was acting as an agent of the parent. Id. at 601–02. The same is true in this case, as plaintiffs have no evidence that Alibaba Hong Kong was acting as the agent of Alibaba Holding.[2]

In addition to failing to demonstrate that Alibaba Holding would be subject to personal jurisdiction under Missouri's long-arm statute, plaintiffs have also failed to meet their burden of demonstrating that the exercise of jurisdiction would comport with Due Process requirements, either. The mere fact that Alibaba Holding owns the domain name for the alibaba.com website and the trademarks used by Alibaba Hong Kong is insufficient to confer jurisdiction over Alibaba Holding in Missouri. See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 223 (4th Cir. 2002) (mere act of registering domain names insufficient to confer personal jurisdiction); Componentone, LLC v. ComponentArt, Inc., 2007 WL 2359827, at *4 (W.D. Pa. Aug. 16, 2007) (registration of domain name and ownership of patent insufficient to confer jurisdiction over

---

[2]In a similar vein, the Eighth Circuit held that a North Carolina corporation was not subject to personal jurisdiction in a Nebraska Court based upon a subsidiary's conduct in Nebraska. Peterson v. U–Haul. Co., 409 F.2d 1174 (8th Cir.1969) (applying Nebraska's long arm statute). Nebraska's long arm statute provided jurisdiction was proper in Nebraska so long as a party either conducted business in Nebraska or committed a tortious act in Nebraska. Id. at 1183. Nebraska's long arm statute is substantially similar to Missouri's long arm statute, in that both statutes confer jurisdiction over parties that either conduct business or commit a tort with the forum state. See Mo. Rev. St. § 506.500(1)-(3); Peterson, 409 F.2d at 1183. In determining whether or not a Nebraska District Court had jurisdiction over a North Carolina company based upon business conducted by a Nebraska subsidiary, the Eighth Circuit Court of Appeals explained that "the doing business of a subsidiary corporation in a state does not without more confer jurisdiction over the nonresident parent corporation." Peterson, 409 F.3d at 1184.

holding company that did not operate website).  Plaintiffs' argument that Alibaba Holding is somehow directly controlling or operating the website merely through its position as the majority shareholder of Alibaba Hong Kong is equally unavailing as a corporation's contacts cannot be imputed to the shareholder for purposes of establishing jurisdiction.  See Trim Fit, LLC v. Dickey, 2006 WL 1134672, at *4 (E.D. Mo. Apr. 25, 2006) (under Missouri law, "a corporation is regarded as a separate entity, distinct from the members who compose it.") (quoting Morgan v. Ackerman, 964 S.W.2d 865, 869 (Mo. Ct. App. 1998)); see also Blackwell Printing Co. v. Blackwell-Wielandy Co., 440 S.W.2d 433, 437 (Mo. 1969) ("a corporation is ordinarily an entity, separate and apart from its stockholders, and the mere ownership of all the stock of one corporation by another, and the identity of officers of one with officers of another, are not alone sufficient to create identity of corporate interest between the two companies or to create the relation of principal and agent . . . .") (citation omitted).

Plaintiffs next argue that Alibaba Holding may become subject to this Court's jurisdiction based upon its relationship with Alibaba Hong Kong, citing Anderson v. Dassault Aviation, 361 F.3d 449 (8th Cir. 2004).  In Dassault, the Eighth Circuit Court of Appeals held a parent corporation which completed manufacture of a majority of its products through a subsidiary located in Arkansas was subject to personal jurisdiction in Arkansas based upon "a close, synergistic relationship that is not an abuse of the corporate organizational form."  Id. at 453.  Dassault, however, is distinguishable from the present case.  Here, Alibaba Holding only owns the domain name of a web site viewable, but not based, in Missouri.  While Alibaba Holding certainly derives a benefit from Alibaba Hong Kong's use of its domain name, the relationship between parent and subsidiary does not approach the same level of symbiosis found in Dassault.

In Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG, 646 F.3d 589, 596 (8th Cir. 2011), the Eighth Circuit cautioned against the misapplication of Dassault. The appellate court explained that determining whether or not a parent purposefully directed products at a forum state and attributing the conduct of a subsidiary to a parent within a given forum should be "conceptually separate" inquiries. Id. The Eighth Circuit Court of Appeals opined that attribution of subsidiary conduct to a parent entity for jurisdictional purposes requires a degree of parental control and domination. Id. Although not quantifying the degree of parental control and domination required, the Eighth Circuit equated the parental relationship necessary to attribute the conduct of a subsidiary to its parent corporation with the alter ego relationship required by Epps v. Stewart Information Services Corp., 327 F.3d 642, 649 (8th Cir. 2003). In Epps, the Eighth Circuit Court of Appeals stated that jurisdiction over a non-resident parent corporation can be based on the actions of a resident subsidiary corporation "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Id.

Plaintiffs have failed to show the level of control needed to attribute Alibaba Hong Kong's conduct to Alibaba Holding. Plaintiffs point out that the defendants both use Alibaba in their names, have the same chairman (but separate boards of directors), and that Alibaba Holding is the majority shareholder of Alibaba Hong Kong as evidence of the control required to attribute Alibaba Hong Kong's contacts to Alibaba Holding. This evidence falls far short of that required by the Eighth Circuit in Viasystems and Epps. Beyond the parental relationship and ownership interests in domain names and trademarks indicated previously, Alibaba Holding does no

business in Missouri. Alibaba Holding has never entered into any contract in Missouri, and is not registered to conduct business in Missouri with the Missouri Secretary of State. Although plaintiffs argue that Alibaba Holding breached a contract and committed various state law torts within Missouri, these allegedly wrongful acts were performed (if at all) by Alibaba Hong Kong, not Alibaba Holding. Finally, plaintiffs have failed to sufficiently argue that Alibaba Hong Kong is either an agent or an alter-ego of Alibaba Holding so as to subject Alibaba Holding to personal jurisdiction in Missouri. Although plaintiffs half-heartedly argue that they should be permitted jurisdictional discovery, the only discovery they actually mention relates to Alibaba Hong Kong's customers. This evidence would not assist plaintiffs in demonstrating that personal jurisdiction exists over Alibaba Holding because Alibaba Hong Kong's contacts cannot be imputed to Alibaba Holding for the reasons set out above. The only evidence before me is that Alibaba Holding has no contact whatsoever with Missouri. Without any evidence of contact with Missouri, this Court cannot exercise personal jurisdiction over Alibaba Holding consistent with either Missouri's long arm statute or due process.[3] See also Cepia, L.L.C. v. Alibaba Group Holding, Ltd., 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (holding that this court lacks personal jurisdiction over Alibaba Holding and that contacts of Alibaba Hong Kong cannot be attributed to Alibaba Holding).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#23] is granted, and

---

[3]Plaintiffs also attempt to argue that this Court has general jurisdiction over Alibaba Holding, but again, the only contacts plaintiffs can point to are contacts by Alibaba Hong Kong. However, the contacts of Alibaba Hong Kong cannot be imputed to Alibaba Holding in an effort to establish personal jurisdiction for the reasons set out above. This argument therefore also fails.

plaintiffs' complaint against defendant Alibaba.Com Hong Kong Limited is dismissed for lack of personal jurisdiction.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2012.