UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK ENGLERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1560 RWS |
| ) | |
| ALIBABA.COM HONG KONG ) | |
| LTD., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendant Alibaba.com Hong Kong Limited's motion to dismiss for failure to state a claim, or in the alternative, to compel arbitration. Plaintiffs oppose the motion and the issues have been fully briefed. For the reasons set out below, the motion to dismiss will be granted.

Plaintiffs purchased products found on a website, alibaba.com, that were allegedly "counterfeit and/or tampered with" and seized by United States customs officials before being delivered. These products are identified by plaintiffs as "ExtenZe male enhancement, Vimax, VigRX Plus, Energy Wristband (Power Balance), and Razor Blades Fusion Power" and were sold by third-party suppliers, some of which are set out in paragraph 15 of plaintiffs' first amended complaint. Alibaba maintains alibaba.com and other websites that allow a variety of third-party sellers (including those identified in plaintiffs' amended complaint) to display products for sale to consumers in one central internet location.

Some third-party sellers, including those identified in plaintiffs' amended complaint, pay an annual fee to become "Gold Suppliers." Alibaba's website explains that a "Gold Supplier is a paid

membership for suppliers on the Alibaba website who have a serious interest in doing business with buyers worldwide," and that Gold Suppliers "must complete an authentication and verification process by a reputable third-party security service provider." Gold Suppliers are allowed to display additional products and advertise that they have passed the Gold Supplier verification procedures. However, the website states that Alibaba "disclaim[s] any warranty, express or implied, and liability whatsoever for any loss howsoever arising from or in reliance upon any information, action or omission of any of its members on its websites." Alibaba does not manufacture or sell any of the products displayed on alibaba.com, and most sellers do not sell their products directly using Alibaba's website.

Customers are required to become registered members of the Alibaba website to conduct online transactions for products and services. To purchase products directly on alibaba.com, customers enter into a Transaction Services Agreement (TSA), which is attached as Exhibit 4 to plaintiffs' amended complaint. The TSA states in relevant part as follows:

> Each online transaction is made by and between a seller and a buyer only. Despite that alibaba.com provides the transaction services and, if applicable, may conduct formally review of an online transaction, alibaba.com shall not be considered as a party to the online transaction. Alibaba.com does not represent seller or buyer in any online transaction. Alibaba.com will not be responsible for the quality, safety, lawfulness or availability of the products or services offered under any online transaction or the ability of either seller or buyer to complete any online transaction. You agree that you will not hold alibaba.com and our affiliates and agents liable for any losses, damages, claims, liabilities, costs or expenses arising from any online transactions, including any breach, partial performance or non-performance of the online transaction by the other party to the transaction.
>               * * *
> ALIBABA.COM MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE ACCURACY, TRUTHFULNESS AND COMPLETENESS OF THE INFORMATION PROVIDED BY ANY MEMBER OF THE WEBSITES. YOU WILL BE SOLELY RESPONSIBLE FOR ALL CONSEQUENCES RESULTING FROM YOUR OWN JUDGMENT AND

DECISION TO USE OR OTHERWISE RELY ON SUCH INFORMATION.
ALIBABA.COM AND OUR AFFILIATES FURTHER EXPRESSLY
DISCLAIMS ANY AND ALL WARRANTIES, EXPRESS OR IMPLIED,
INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF CONDITION,
QUALITY, DURABILITY, PERFORMANCE, ACCURACY, RELIABILITY,
MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR
NON-INFRINGEMENT EVEN IF ADVISED OF THE POSSIBILITY OF
SUCH DAMAGES OR IF SUCH POSSIBILITY WAS REASONABLY
FORESEEABLE.  ALL SUCH WARRANTIES, CONDITIONS,
UNDERTAKINGS AND TERMS ARE HEREBY EXCLUDED.

The TSA also gives Alibaba the "right, at our sole discretion, to refuse or cancel any online transaction for any reason" and requires that disputes "between you and Alibaba.com . . . be finally resolved by arbitration with the HKIAC (Hong Kong Arbitration Centre)."

Plaintiff's amended complaint brings claims for fraud, negligent misrepresentation and breach of contract.  Plaintiffs assert that Alibaba misrepresented the "legitimacy and authenticity" of Gold Suppliers "with the intent to induce potential purchasers . . . to do business with Gold Suppliers."  Plaintiffs also allege that they purchased products on alibaba.com using the TSA, which they claim amounts to a legally enforceable contract with Alibaba.[1]  Plaintiffs assert that Alibaba breached the TSA by failing to reject or cancel their transactions with third-party Gold Suppliers who sold them "products that were counterfeit or tampered with and never delivered."

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007).  "A claim

---

[1]Alibaba doubts, but accepts as true for purposes of its motion to dismiss, that plaintiffs actually purchased any of the products using its website.  The Court also assumes this allegation is true for purposes of deciding this motion.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. quoting Twombly, 550 U.S. at 555.

Discussion

Alibaba moves for dismissal of the first amended complaint for failure to state a claim. Alibaba contends that, despite being granted leave to file an amended complaint to cure the deficiencies in their complaint, plaintiffs have still failed to identify any false statement or misrepresentation to support their fraud and negligent misrepresentation claims. Alibaba argues that the breach of contract claim fails as contradicted by the express terms of the contract. In the alternative, Alibaba argues that the TSA requires arbitration of these claims. Although plaintiffs oppose dismissal of their fraud and negligent misrepresentation claims, they do not address their breach of contract claim and apparently concede that it should be dismissed.

Under Missouri law,[2] a fraud claim requires: "a representation; its falsity; its materiality; the speaker's knowledge of its falsity; his intent that it be acted on by the hearer and in the manner reasonably contemplated; the hearer's ignorance of its falsity; his reliance on its truth; his right to rely thereon; and his consequent and proximate injury." Joel Bianco Kawasaki Plus v. Meramec Valley Bank, 81 S.W.3d 528, 536 (Mo. 2002). A negligent misrepresentation claim has five elements: "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was

---

[2]Because this is a diversity case, see 28 U.S.C. § 1332(a), Missouri law applies. See Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007) (district court sitting in diversity applies the law of the state in which it sits).

- 4 -

intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 134 (Mo. 2010) (citations omitted).

Here, plaintiffs allege that Alibaba misrepresented that Gold Suppliers have been authenticated and verified by a reputable third-party security services provider. Plaintiffs argue that these statements are false because it purchased products from Gold Suppliers that were "counterfeit and/or tampered with." I agree with Alibaba that these statements are not false because they relate to the sellers, not to the products that they sell, and plaintiffs cannot demonstrate that these sellers did not have a "serious interest in doing business with buyers worldwide," or that the Gold Suppliers did not complete "an authentication and verification process by a reputable third-party security service provider" before being dubbed Gold Suppliers. Plaintiffs argue without support that the legitimacy of a seller must be the same as the legitimacy of a seller's products or the Gold Supplier status would be rendered meaningless. Such an interpretation is contrary to not only the plain language of the website itself, but also the realities of e-commerce. This is especially true when the description of Gold Suppliers is read together with the language appearing below it, which "disclaim[s] any warranty, express or implied, and liability whatsoever for any loss howsoever arising from or in reliance upon any information, action or omission of any of its members on its websites."

This interpretation is reinforced by the TSA, which states that "Alibaba.com will not be responsible for the quality, safety, lawfulness or availability of the products or services offered under any online transaction or the ability of either seller or buyer to complete any online

transaction. [Plaintiffs] agree that [they] will not hold alibaba.com and our affiliates and agents liable for any losses, damages, claims, liabilities, costs or expenses arising from any online transactions, including any breach, partial performance or non-performance of the online transaction by the other party to the transaction. . . . Alibaba.com makes no representation or warranty with respect to the accuracy, truthfulness and completeness of the information provided by any member of the websites. [Plaintiffs] will be solely responsible for all consequences resulting from [their] own judgment and decision to use or otherwise rely on such information." Plaintiffs plead that the TSA is a "valid, legally enforceable" contract between the parties. As such, they are bound by its terms. Plaintiffs cannot demonstrate that they reasonably relied on any alleged false statements given the plain language of their binding contract with Alibaba. The TSA precludes plaintiffs' claims for fraud and negligent misrepresentation. For these reasons, these claims will be dismissed.

Plaintiffs do not oppose dismissal of their breach of contract claim, presumably because the TSA does not require Alibaba to reject or cancel their transactions with third-party Gold Suppliers, and plaintiffs do not allege that they even asked Alibaba to exercise this discretionary right with respect to the transactions at issue in this case. For these reasons, plaintiffs' breach of contract claim will be dismissed. Because I am dismissing plaintiffs' claims, I need not and therefore do not consider Alibaba's alternative motion to compel arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#42] is granted, and plaintiffs' first amended complaint is dismissed.

**IT IS FURTHER ORDERED** that defendant's alternative motion to compel arbitration

[#43-1] is denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  27th   day of April, 2012.